| | |
|---|---|
| 1 | HASSARD BONNINGTON LLP |
| 2 | Thomas M. Frieder, Esq. (#95411)<br>tmf@hassard.com |
| 3 | Joanna L. Storey, Esq. (#214952)<br>jls@hassard.com |
| 4 | 275 Battery Street, Suite 1600<br>San Francisco, California  94111-3370 |
| 5 | Telephone:  (415) 288-9800<br>Fax:  (415) 288-9801 |
| 6 | Attorneys for Defendant |
| 7 | Par Pharmaceutical, Inc. |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. BLACKFORD; MAXINE BLACKFORD; SANDRA RAND, individually and as Personal Representative of the Estate of Brian Rand; HARRY MILLER; DARLENE KAY GLASGOW, individually and as Executor of the Estate of Kenneth L. Glasgow; THOMAS D. TAYLOR; PAUL A. LINGLEY; SUE ANN LINGLEY; DONALD E. CARR, SR.; BARBARA CARR; BEVERLY LANDRUM, individually and as Executrix of the Estate of John B. Landrum, Jr.; THEODORE ALMOND; JEANETTE SMITH-AKYOL; MARGARET ROBERTS, individually and as Personal Representative of the Estate of Charles P. Roberts; MARY MAYFIELD, individually and as Executrix of the Estate of Francis Mayfield; EDWARD J. MILLER, JR.; RONALD BARTON DAVIS, SR.; NUGENT DAVIS; THOMAS HEPLER; BARBARA KING; SAMUEL KING; DONALD BARD; JUDY BARD; RICKEY A. THOMAS; CAROLYN THOMAS; MARY J. COX; JOHN ACKERMAN; KIM ACKERMAN; BARBARA CLARK, individually and as Personal Representative of the Estate of Roy L. Clark; EDWIN KAHOE; ALBERT DELSANTRO; CHARLOTTE DELSANTRO; RICHARD BRESETTE; ANNA R. THOMAS; RALPH L. BOOTH; HANS OMASTA; WINONA OMASTA; EDDIE W. BATES; LINDA BATES; EUGENE A. HAMILTON; JOANN HAMILTON; JOHNNY SCOTT DARNELL, individually and as Executor of the Estate of Barbara Darnell; BETTY C. WILSON; | Case No.  4:17-cv-03825-KAW<br><br>**DEFENDANT PAR PHARMACEUTICAL, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>Date:  August 31, 2017<br>Time:  11:00 a.m.<br>Courtroom: 4, 3rd Floor<br>Judge:  Hon. Kandis A. Westmore<br><br>Filed/Lodged Concurrently with:<br>1.  [Proposed] Order<br>2.  Declaration of Thomas M. Frieder and Exhibit A thereto, Declaration of Deanna Voss<br><br>Complaint Removed: July 5, 2017<br>State Court Action Filed: May 24, 2017 |

1

| | |
|---|---|
| 1 | JAMES WILSON; JAY OLSEN; CARRIE OLSEN; CHARLES D. SMEDLEY; FLORENCE SPENCER, individually and as Personal Representative of the Estate of George Spencer; EDWARD FRISCO; REBECCA FRISCO; LARRY ROBINSON, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Plaintiffs, |
| 6 | v. |
| 7 | WYETH PHARMACEUTICALS, INC.; SANDOZ INC.; EON LABS, INC.; TEVA PHARMACEUTICALS USA, INC.; PAR PHARMACEUTICAL, INC.; ZYDUS PHARMACEUTICALS USA, INC.; TARO PHARMACEUTICALS U.S.A., INC.; UPSHER-SMITH LABORATORIES, INC.; BARR PHARMACEUTICALS, LLC; MAYNE PHARMA, INC.; MCKESSON CORPORATION; and DOES 1-50, Inclusive, |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | Defendants. |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 31, 2017, at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 4, at the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Defendant Par Pharmaceutical, Inc. ("PPI"), will and hereby does move to dismiss plaintiffs' claims, pursuant to Federal Rules of Civil Procedure 12(b)(2).

PPI moves to dismiss plaintiffs' claims on the grounds that this Court lacks personal jurisdiction over PPI. PPI is organized under the laws of New York with its principal place of business in New York. PPI is not "at home" in California. Further, plaintiffs' failure to plead (1) factual allegations of ingestion of generic amiodarone manufactured or sold by PPI in California; (2) factual allegations of purposeful availment in California by PPI; and (3) injury arising from that purposeful availment, means that plaintiffs have not pled and cannot establish the required elements of specific jurisdiction. Neither general nor specific jurisdiction exists as to PPI. Therefore, plaintiffs' claims against PPI should be dismissed for lack of personal jurisdiction.

This motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities in support thereof; the Declaration of Thomas M. Frieder and Exhibit A thereto, the Declaration of Deanna Voss; the records, pleadings, and documents on file in this action; and such further and additional evidence and argument as may be presented at or before the time of hearing on this motion.

### **STATEMENT OF THE ISSUES TO BE DECIDED**

Pursuant to Civil Local Rule 7-4(a)(3), PPI identifies the following statement of issues to be decided:

1. Whether this Court cannot exercise general personal jurisdiction over PPI in this case.
2. Whether this Court cannot exercise specific personal jurisdiction over PPI in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT PAR PHARMACEUTICAL, INC.'S
<u>MOTION TO DISMISS BASED ON LACK OF PERSONAL JURISDICTION</u>**

**I.     INTRODUCTION AND STATEMENT OF FACTS**

On May 24, 2017, fifty-one plaintiffs[1] filed a complaint in Sonoma County, California state court for personal injury and wrongful death against the manufacturer of name-brand prescription drug Cordarone (Wyeth), nine other defendants, including Par Pharmaceutical, Inc. ("PPI"), that plaintiffs allege manufacture and sell the generic equivalent prescription drug, amiodarone, and one distributor of pharmaceutical drugs, McKesson Corporation.  On July 5, 2017, the action was removed to federal court on the basis of federal question subject matter jurisdiction.

No plaintiff alleges which product he or she (or his/her spouse or decedent) allegedly ingested.  (*See generally* Dkt. No. 1-5 at 4-46 and Dkt. No. 1-6 at 2-47: Complaint ¶¶ 1-36.)  No plaintiff alleges that he or she (or his/her spouse or decedent) ingested amiodarone sold or manufactured by PPI.  All of plaintiffs' purported "plaintiff-specific" allegations contain exactly the same boilerplate language: "[Plaintiff] consumed Amiodarone; more particularly the Amiodarone manufactured by Wyeth and/or the Generic Defendants (defined herein) and/or actively promoted for 'off-label' use by them, and which was distributed nationwide by McKesson."  (*See generally* Dkt. No. 1-5 at 4-46 and Dkt. No. 1-6 at 2-47: Complaint ¶¶ 1-36 at sub-paragraph (c).)

Only plaintiffs John & Maxine Blackford and plaintiff Darlene Kay Glasgow (individually and as Executor of the Estate of Kenneth L. Glasgow) allege they reside in California (*see* Dkt. No. 1-5 at 4-7 and 12-14: Complaint, ¶1(a) and ¶4(a)); the forty-eight other plaintiffs allege they are residents of states other than California.  (*See* Dkt. No. 1-5 at 7-12, 14-46 and Dkt. No. 1-6 at 2-47: Complaint ¶¶2-3, 5-36, at sub-paragraph (a).)  Notably, no plaintiff actually alleges that he or she (or his/her spouse or decedent) was prescribed, purchased, or ingested amiodarone in California, or was injured in California.  (*See generally* Dkt. No. 1-5 at 4-46 and Dkt. No. 1-6 at 2-47: Complaint ¶¶ 1-36.)  And, with regard to the non-California resident plaintiffs, each of them (or their spouse or decedent) presumably was prescribed, purchased, and ingested amiodarone, and was injured – if at

---

[1] Plaintiffs are fourteen plaintiff/spouse couples (twenty-eight individuals), fifteen single plaintiffs, and eight plaintiffs who sued as personal representatives of the estates of deceased individuals, totaling fifty-one plaintiffs.

4

all – in their respective states of residence, not California.

Plaintiffs do not allege that PPI is incorporated in or has its principal place of business in California. (Dkt. No. 1-7 at 4: Complaint ¶ 41.) PPI is a New York corporation with its principal place of business in New York. (*See* June 29, 2017 Declaration of Deanna Voss ("Voss Dec."), ¶2.)[2] Plaintiffs do not claim that PPI has engaged in any conduct within California that constitutes "purposeful availment" **and that allegedly caused or contributed to <u>any of the plaintiffs'</u> alleged injuries**. (*See generally* Dkt. No. 1-5 at 4-46 and Dkt. No. 1-6 at 2-47: Complaint ¶¶ 1-36.)[3] In sum, plaintiffs have not alleged any facts that would establish that this Court has general or specific personal jurisdiction over PPI. Accordingly, jurisdiction cannot be constitutionally exercised over PPI and plaintiffs' Complaint against PPI should be dismissed for lack of personal jurisdiction.

## II. LAW AND ARGUMENT

### A. The Requirements for Exercising Personal Jurisdiction

In the last six years, the United States Supreme Court has confirmed long-standing personal jurisdiction jurisprudence in five separate decisions. *See Bristol-Myers Squibb Co. v. Super. Ct. of California, San Francisco County*, No. 16-466, 2017 WL 2621322 (U.S. June 19, 2017); *Walden v. Fiore*, 134 S. Ct. 1115 (2014); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011); *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011). Three of those decisions, *BMS, Walden* and *McIntyre*, involved specific personal jurisdiction; while *Daimler* and *Goodyear*, involved general personal jurisdiction. However, in all five decisions, the Court discussed the requirements and limitations of both specific and general jurisdiction.

---

[2] The June 29, 2017 Declaration of Deanna Voss is attached as Exhibit A to the Declaration of Thomas M. Frieder.

[3] Plaintiffs reference an alleged "Par" "manufacturing facility" purportedly located in Irvine, California. PPI has no manufacturing facility in Irvine, California – or anywhere else in California. (Voss Decl. at ¶5.) Rather, PPI assumes plaintiffs are referring to Anchen Pharmaceuticals, Inc. ("Anchen"), a corporation that is *not a defendant* in this lawsuit. Anchen is a Delaware corporation with its principal place of business in New York, and is an indirect wholly-owned subsidiary of Par Pharmaceutical Companies, Inc. – also *not a defendant* in this lawsuit. Although Anchen has a facility in Irvine, California, Anchen has not manufactured, sold, or distributed amiodarone tablets in or from that facility. (*Id.*, ¶6.)

5

As a starting point in any personal jurisdiction analysis, a court must look to the state's long-arm statute as it sets out the jurisdictional limits within that state. California's long-arm statute states: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. As a result, the court need determine only whether its exercise of personal jurisdiction over a defendant is consistent with the due process requirements of the United States Constitution. *See Walden*, 134 S. Ct. 1115; *Daimler*, 134 S. Ct. 746; *Goodyear*, 564 U.S. 915; *J. McIntyre*, 564 U.S. 873. "The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear*, 564 U.S. at 923; *see also BMS*, 2017 WL 2621322 ("[i]t has long been established that the Fourteenth Amendment limits the personal jurisdiction of state courts.").

The party seeking to invoke personal jurisdiction bears the burden of establishing such jurisdiction exists. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); To assert personal jurisdiction over a non-resident defendant, a plaintiff must plead and prove that the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden*, 134 S. Ct. at 1121 (internal quotation omitted); *see also Daimler*, 134 S. Ct. at 754; *Goodyear*, 564 U.S. at 923; *McIntyre*, 564 U.S. at 880. The requirement of "fair play and substantial justice" is carried into effect through the concepts of specific and general jurisdiction. *Goodyear*, 564 U.S. at 923-24. In other words, in order to satisfy constitutional requirements, plaintiffs are required to prove the court has general jurisdiction or specific jurisdiction over the petitioner. *Daimler*, 134 S. Ct. at 751.

The hallmark of specific personal jurisdiction is the requirement of a nexus between the allegedly wrongful conduct and the forum. As the Court in *Walden* confirmed, the inquiry with respect to specific jurisdiction over an out-of-state defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 134 S. Ct. at 1121 (internal quotation omitted); *see also McIntyre*, 564 U.S. at 899 (quoting *Goodyear*, 564 U.S. at 919) (stating specific jurisdiction turns on an "affiliatio[n] between the forum and the underlying controversy"); *BMS*, 2017 WL 2621322, at *7 ("[w]hen there is no such connection [between the forum and the underlying

controversy], specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."). In short, specific jurisdiction arises only if the defendant's activities were "purposefully" directed to the forum and the litigation involves injuries that allegedly "arise out of or relate to those activities." *Daimler*, 134 S. Ct. at 754; *see also Walden*, 134 S. Ct. at 1122; *Goodyear*, 564 U.S. at 924; *McIntyre*, 564 U.S. at 880. As is well-recognized, a court cannot exercise specific jurisdiction over an out-of-state defendant where the "episode-in-suit" occurred outside the forum. *See Goodyear*, 564 U.S. at 919, 926 (stating specific jurisdiction could not be established where such was the case). Stated differently, a defendant is subject to the coercive power of the state only if "that power is exercised in connection with the defendant's activities touching on the State." *McIntyre*, 564 U.S. at 881; *see also Walden*, 134 S. Ct. at 1122.

In contrast to specific jurisdiction, general jurisdiction does not require that the injury arise out of or relate to activities purposefully directed to the forum. Instead, a finding of general jurisdiction is limited to those forums where the defendant is "at home" in the forum State. *Daimler*, 134 S. Ct. at 754 (citing *Goodyear*, 564 U.S. at 919); *McIntyre*, 564 U.S. at 881 ("[T]hose who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter."); *see also Daimler*, 134 S. Ct. at 763; *BMS*, 2017 WL 2621322, at *6. The Supreme Court has been clear in multiple decisions that for a corporation, "home" is where it is incorporated and where it maintains its principal place of business. *Daimler*, 134 S. Ct. at 760; *Goodyear*, 564 U.S. at 924; *see also McIntyre*, 564 U.S. at 880.

### B. There is No Personal Jurisdiction over PPI

PPI's motion to dismiss for lack of personal jurisdiction should be granted because plaintiffs have not made, and cannot make, a *prima facie* showing that would establish personal jurisdiction over PPI. In order to establish specific jurisdiction over PPI, plaintiffs must allege and show the jurisdictional facts (and not simply rote conclusions) that PPI purposefully availed itself of the privilege of conducting activities in California so as to invoke the benefits and protections of its laws and that the purposeful activity in California resulted in the injuries plaintiffs allege. *See McIntyre*, 564 U.S. at 882. Plaintiffs have not made those allegations and cannot make that showing. General jurisdiction cannot be established because PPI is not at home in California; it is not incorporated in

California and does not have its principal place of business in California.

### 1. Specific Jurisdiction Does Not Exist As to PPI

None of the plaintiffs even allege – let alone provide facts to support – that they (or their respective spouses or decedents) ingested generic amiodarone manufactured or sold by PPI, as opposed to products manufactured or sold by the nine other defendants who allegedly manufactured and sold the brand drug Cordarone or generic amiodarone.  And to be clear, no plaintiff alleges that he or she (or his/her spouse or decedent) ingested amiodarone manufactured or sold by PPI **in California.**

There also are no factual allegations of the kinds of activities constituting purposeful availment by PPI in California which the United States Supreme Court has held are necessary to plead and establish specific jurisdiction or that plaintiffs' claims arose from those purposeful activities.  *See McIntyre*, 564 U.S. at 886.  Indeed, forty-eight of the fifty-one plaintiffs are not even California residents, and plaintiffs do not allege any of those plaintiffs (or their respective spouses or decedents) ingested amiodarone – let alone amiodarone manufactured or sold by PPI – in California.  In *BMS*, the Supreme Court reversed the California Supreme Court's holding that the lower state court had jurisdiction over a non-resident defendant involving claims by non-resident plaintiffs because the California Supreme Court failed to identify "any adequate link between the State and the nonresidents' claims."  *BMS*, 2017 WL 2621322, at *8   It was undisputed that "the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California."  *Id.*  Plaintiffs' failure to plead (1) factual allegations of ingestion in California of generic amiodarone manufactured or sold by PPI; (2) factual allegations of purposeful availment in California by PPI; and (3) injury arising from that purposeful availment, means that plaintiffs have not pled and cannot establish the required elements of specific jurisdiction.  *See Walden*, 134 S. Ct. at 1122.

### 2. General Jurisdiction Does Not Exist As To PPI

The Court likewise cannot exercise general jurisdiction over PPI.  General jurisdiction may be exercised over a defendant corporation only where that defendant is "essentially at home in the forum State." *Daimler*, 134 S. Ct. at 754 (quoting *Goodyear*, 564 U.S. at 919).  According to

8

plaintiffs' own allegations, PPI's principal place of business and state of incorporation are outside California. (Dkt. No. 1-7 at 4: Complaint ¶ 41.) PPI is a New York corporation with its principal place of business in New York. (*See* Voss Dec., ¶2.) Thus, California is not PPI's "home."

As *Daimler* confirms, the general jurisdiction inquiry ends there. Plaintiffs correctly concede in their pleading that PPI is neither incorporated in California nor has its principal place of business in California. Consequently, plaintiffs cannot establish general jurisdiction.

### III.	CONCLUSION

Based on the foregoing, PPI requests that the Court enter an order dismissing plaintiffs' claims against PPI for lack of personal jurisdiction.

                                               Respectfully submitted,

                                               HASSARD BONNINGTON LLP

Dated: July 7, 2017                       By    /s/ Thomas M. Frieder
                                                               Thomas M. Frieder
                                                                 Joanna L. Storey
                                                                 Attorneys for Defendant
                                                                 PAR PHARMACEUTICAL, INC.